[Dkt. Ent. 8]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| ROSEMARIE SHEEHAN and<br>JAMES SHEEHAN, III,<br><br>    Plaintiffs,<br><br>        v.<br><br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC., et al.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.<br>10-1677 (RMB/KMW)<br><br><br>**MEMORANDUM ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion to dismiss for failure to state an actionable claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), by defendants GMAC Bank, GMAC Mortgage Corporation, GMAC Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, the "Defendants"). This action arises from a home foreclosure proceeding, in which plaintiffs James and Rosemarie Sheehan (collectively, the "Plaintiffs") aver, they were unlawfully overcharged for attorneys' fees and costs of suit in the amount of $4,084.68. This action was originally filed in the Superior Court of New Jersey, Camden County.  Defendants then filed a notice of removal to this Court, and now move to dismiss.

1

This motion presents an unusual circumstance: all parties agree that this Court lacks jurisdiction over the case. Defendants have argued in their motion that the Rooker-Feldman Doctrine deprives the Court of jurisdiction, since the Complaint calls upon the Court to review a state court judgment.[1] Plaintiffs agree.  Plaintiffs maintain, however, that the Court should remand the case to state court, rather than pass upon the other bases for Defendants' motion.  Relying upon Judge Wolfson's recent unpublished opinion in Patetta v. Wells Fargo Bank, NA, No. 09-2848, 2010 WL 1931256, *8-9 (D.N.J. May 13, 2010), Defendants ask the Court to dismiss the Complaint rather than remand.  Defendants misunderstand Patetta, however.  In that case, Judge Wolfson did not find that claims over which the Court lacked jurisdiction were also barred under New Jersey's Entire Controversy Doctrine, as Defendants suggest she did.  Rather, she found that some claims were jurisdictionally barred by the Rooker-Feldman Doctrine, while the other remaining claims were barred by the Entire Controversy Doctrine.  See id. at *9-11. She granted dismissal, rather than remand, on that basis.  Here,

_____

[1] The Rooker-Feldman doctrine provides that district courts lack jurisdiction to review state court judgments.  In re Knapper, 407 F.3d 573, 580 (3rd Cir. 2005).  "[A] claim is barred by Rooker-Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong."  Id.

unlike in <u>Patetta</u>, all of Plaintiffs' claims arise from the alleged $4,084.68 overcharge that was a subject of the state court foreclosure judgment.  Accordingly, the Court lacks jurisdiction to pass upon the merits (or lack thereof) of Plaintiff's claims.  Remand, rather than dismissal, is therefore most appropriate here.

For this reason,

**IT IS** on this, the **<u>22nd</u>** day of **<u>June</u> <u>2010</u>**, hereby

**ORDERED** that the motion to dismiss shall be **DENIED**; and it is further

**ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Camden County; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE